Garrett Charity (Bar #285447)
Garrett.Charity@McCarthyLawyer.com
McCarthy Law PLC
4250 N. Drinkwater Blvd., Ste. 320
Scottsdale, Arizona 85251
Phone: 602-456-8900
Fax: 602-218-4447

Attorney for Plaintiff
Cynthia Moten

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA MOTEN,<br><br>        Plaintiff,<br><br>v.<br><br><br>USAA FEDERAL SAVINGS BANK;<br>STATE FARM BANK;<br>EQUIFAX INFORMATION SERVICES<br>LLC; and<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.<br><br>        Defendants. | Case No.: 2:21-cv-930<br><br>**Complaint for Damages:**<br>    1. **Violation of Fair Credit**<br>       **Reporting Act**<br>    2. **Violation of California**<br>       **Consumer Credit Reporting**<br>       **Agencies Act** |

Plaintiff, Cynthia Moten, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I.        INTRODUCTION

1.        This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") and California Consumer Credit Reporting Agencies Act ("CCCRAA"), whereby Plaintiff discovered inaccurate information reporting on her consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II.        PARTIES

2.      Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Los Angeles, California.

3.      At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681(a)(c).

4.      Defendant, USAA FEDERAL SAVINGS BANK ("USAA") is and at all times relevant hereto was, a lending institution regularly doing business in the State of California.

5.      Defendant, STATE FARM BANK ("State Farm") is and at all times relevant hereto was, a lending institution regularly doing business in the State of California.

6.      At all times pertinent hereto, Defendant USAA and State Farm were each a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

7.      Defendant, Equifax Information Services LLC ("Equifax"), is a credit reporting agency, licensed to do business in California and has designated the following registered statutory agent: THE PRENTICE-HALL CORPORATION SYSTEM, INC (C0257078), 2710 Gateways Oaks Drive Suite 150N Sacramento, CA 95833.

8.      Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of California.

9.      Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

10.     Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

11.     At all times pertinent hereto, Defendant Equifax was a "person" and

"consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

12.     Defendant, Experian Information Solutions, Inc. ("Experian"), is a credit reporting agency, licensed to do business in California and has designated the following registered statutory agent: CT CORPORATION SYSTEM, 818 WEST SEVENTH ST., STE 930, LOS ANGELES, CALIFORNIA 90017.

13.     Defendant Experian is, and at all times relevant hereto was, regularly doing business in the State of California.

14.     Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

15.     Experian furnishes such consumer reports to third parties under contract for monetary compensation.

16.     At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III.     JURISDICTION AND VENUE

17.     That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

18.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Los Angeles County, California and Defendants do business in California.

19.     Personal jurisdiction exists over Defendants as Plaintiff resides in California, Defendants have the necessary minimum contacts with the state of California, and this suit arises out of specific conduct with Plaintiff in California.

### IV.     FACTUAL ALLEGATIONS

20.     Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants USAA, State Farm, Equifax, and Experian (collectively,

"Defendants"), and has suffered particularized and concrete harm.

21.     Equifax, Experian, and Transunion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

22.     The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

23.     Equifax, Experian, and TransUnion have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy."  15 U.S.C. §1681(e)(B).

24.     Throughout 2019, Plaintiff received notices from a credit monitoring service that her personal information was for sale on a black market website, and may have been compromised.

25.     Acting on that information, Plaintiff discovered that she had a number of accounts that did not belong to her appearing on her credit reports – including two USAA accounts and a State Farm account (the "Accounts").

26.     Plaintiff completed a Federal Trade Commission Identity Theft Report, under penalty of perjury, reporting the fraudulent information for investigation and prosecution.

27.     The false information regarding the Accounts appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness, and vastly overstates her credit utilization.

**PLAINTIFF'S WRITTEN DISPUTE**

28.     On or about September 18, 2020, Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Accounts reporting on Plaintiff's Equifax consumer report.

29.     On or about November 25, 2020, Plaintiff sent written disputes to Experian and Equifax (the "Dispute"), disputing the inaccurate information regarding the Accounts reporting on Plaintiff's consumer reports.

30.     Upon information and belief, Equifax and Experian forwarded Plaintiff's Dispute to Defendants USAA and State Farm.

31.     Upon information and belief, USAA and State Farm received notification of Plaintiff's Dispute Letters from Equifax and Experian.

32.     Upon information and belief, USAA and State Farm each verified the erroneous information associated with the Accounts to Equifax and Experian.

33.     USAA and State Farm each failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Accounts.

34.     Equifax and Experian each did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Accounts.

35.     Upon information and belief, USAA and State Farm each failed to instruct Equifax and Experian to remove the false information regarding the Accounts reporting on Plaintiff's consumer reports.

36.     Equifax and Experian employed an investigation process that was not reasonable and did not remove the false information regarding the Accounts identified in Plaintiff's Dispute.

37.     At no point after receiving the Dispute did USAA, State Farm, Equifax, or Experian communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute.

38.     Equifax and Experian relied on their own judgment and the information provided to them by USAA and State Farm, rather than grant credence to the information provided by Plaintiff.

### COUNT I – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

39.     Plaintiff re-alleges and reaffirms the above paragraphs as though

fully set forth herein.

40.     After receiving the Dispute, Equifax failed to correct the false information regarding the Accounts reporting on Plaintiff's Experian consumer report.

41.     Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

42.     As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

43.     Defendant Equifax 's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

44.     In the alternative, Defendant Equifax was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

45.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

46.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

47.     After receiving the Dispute, Equifax failed to correct the false information regarding the Accounts reporting on Plaintiff's Experian consumer report.

48.     Defendant Equifax violated 15 U.S.C. §1681i by failing to delete

inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

49.     As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

50.     Defendant Equifax 's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

51.     In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

52.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT III – EXPERIAN

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

53.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

54.     After receiving the Experian Dispute, Experian failed to correct the false information regarding the Accounts reporting on Plaintiff's Experian consumer report.

55.     Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian published and maintained concerning Plaintiff.

56.     As a result of this conduct, action and inaction of Defendant

Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

57.     Defendant Experian's conduct, action, and inaction were willful, rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

58.     In the alternative, Defendant Experian was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

59.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT IV – EXPERIAN

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

60.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

61.     After receiving the Experian Dispute, Experian failed to correct the false information regarding the Accounts reporting on Plaintiff's Experian consumer report.

62.     Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

63.     As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

64.     Defendant Experian's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

65.     In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

66.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT V – USAA

### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

67.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

68.     After receiving the Dispute Letters, USAA failed to correct the false information regarding the Accounts reporting on Plaintiff's consumer report.

69.     Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant USAA's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant USAA's representations to consumer credit reporting agencies, among other unlawful conduct.

70.     As a result of this conduct, action, and inaction of Defendant USAA, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

71.     Defendant USAA's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

72.    In the alternative, Defendant USAA was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

73.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant USAA pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### COUNT VI – STATE FARM

#### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

74.    Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

75.    After receiving the Dispute Letters, STATE FARM failed to correct the false information regarding the Accounts reporting on Plaintiff's consumer report.

76.    Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant STATE FARM's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant STATE FARM's representations to consumer credit reporting agencies, among other unlawful conduct.

77.    As a result of this conduct, action, and inaction of Defendant STATE FARM, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

78.    Defendant STATE FARM's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

79.    In the alternative, Defendant STATE FARM was negligent, entitling

Plaintiff to recover damages under 15 U.S.C. §1681o.

80.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant STATE FARM pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks her statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A.  Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B.  Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C.  The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D.  Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted this 26th day of January, 2021.

MCCARTHY LAW, PLC

/s/Garrett Charity
Garrett Charity, Esq.
Attorneys for Plaintiff